UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRIS WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:08-cv-1735-TWP-TAB |
| ) | |
| KROGER LIMITED PARTNERSHIP II ) | |
| d/b/a INDIANAPOLIS BAKERY, ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT / MOTION FOR RECONSIDERATION

Defendant, Kroger Limited Partnership II d/b/a Indianapolis Bakery ("Kroger"), has brought a Motion to Alter or Amend Judgment / Motion for Reconsideration pursuant to Federal Rules of Procedure 59(e) and 60(b) [Dkt. 79]. Kroger's Motion asks the Court to reconsider its order on Kroger's Motion for Summary Judgment ("Order") [Dkt. 75] on two grounds: (1) the Court's determination that Kroger employees Clint Lathrop ("Lathrop") and Laura Gillenwater ("Gillenwater") were similarly situated to Plaintiff Chris White ("White"); and (2) the Court's mistaken use of a "differently" standard in lieu of the correct "more favorably" standard.

### I.  Similarly Situated Employees

Kroger argues that Lathrop and Gillenwater are not "similarly situated" to White because they were not subject to the same discipline standards. Kroger terminated White's employment on August 6, 2008. Following the termination, White's union grieved the termination, resulting in an arbitrator's decision reinstating White. Kroger claims that the arbitrator's decision also "required Kroger to alter its procedures in implementing its discipline policy." Because Lathrop and Gillenwater were disciplined after procedures were altered, Kroger argues, these individuals

are not similarly situated to White.

To bolster the claim that the arbitrator's decision required Kroger to alter its procedures, Kroger directs the Court to two pieces of evidence: (1) paragraph 31 of Dana Widger's affidavit; and (2) page 31 of the arbitrator's decision. However, neither piece of evidence corroborates Kroger's position. First, in relevant part, Ms. Widger's affidavit only states, "After a hearing in which sworn testimony was taken, the arbitrator determined that White's final disciplinary action of August 6, 2008 should have been classified as a 'Safety' violation instead of a 'Quality of Work' violation – sparing White from a terminable occurrence under the Policy." Second, page 31 of the arbitrator's decision did not *require* Kroger to modify its policies. Rather, the arbitrator's decision was limited to merely discussing the possibility of making changes. In relevant part, the arbitrator wrote, "Any such change in the future must be preceded by proper notification and preferably by a gradual education process." Overall, the Court agrees with Plaintiff that no evidence establishes that Kroger actually implemented changes following White's arbitration and that issue remains in dispute. Accordingly, the Court denies Kroger's request to remove Lathrop and Gillenwater as similarly situated individuals from White's Title VII claim.

## II.     More Favorably vs. Differently

Next, Kroger highlights that to support his prima facie case, White must show that Kroger treated similarly situated employees *more favorably* – not just *differently*. *See Haywood v. Lucent Tech., Inc.*, 323 F.3d 524, 530 (7th Cir. 2003) (citation omitted). Throughout its order on Kroger's Motion for Summary Judgment, the Court mistakenly used the word "differently" when it should have used the phrase "more favorably." The Court will remedy this mistake

through an Amended Entry. However, for the reasons explained in White's response to this motion [Dkt. 81 at 4], the Court finds that genuine issues of material fact still exist as to this factor of White's prima facie case. Thus, the Court's overall conclusion remains intact.

SO ORDERED: 12/08/2010

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**Casey Jo Eckert**
BINGHAM MCHALE LLP
ceckert@binghammchale.com,mgroce@binghammchale.com

**Andrew W. Gruber**
BINGHAM MCHALE LLP
agruber@binghammchale.com,mgroce@binghammchale.com

**Adam Lenkowsky**
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com,ecf.alenkowsky@gmail.com

**Kenneth T. Roberts**
ROBERTS & BISHOP
ktrjustice@aol.com

**Tasha Rebecca Roberts**
ROBERTS AND BISHOP
troberts@roberts-bishop.com