**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **CHRIS WHITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 1:08-CV-1735 TWP-MJD** |
| | ) | |
| **KROGER LIMITED PARTNERSHIP II** | ) | |
| **d/b/a INDIANAPOLIS BAKERY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**FILING OF PROPOSED JOINT FINAL JURY INSTRUCTIONS**

Plaintiff Chris White, by counsel, and Defendant Kroger Limited Partnership II, d/b/a Indianapolis Bakery ("Kroger"), by counsel, submit the following Proposed Joint Final Jury Instructions to be used at the trial of this case.

Respectfully submitted,

*/s/ Andrew W. Gruber*
Andrew W. Gruber
Carolyn Clay Hall
BINGHAM MCHALE LLP
10 West Market Street, Suite 2700
Indianapolis, IN 46204-4900
Phone: 317-635-8900
Fax: 317-236-9907
Email: agruber@binghammchale.com
chall@binghammchale.com

*Attorneys for Defendant,
Kroger Limited Partnership II
d/b/a Indianapolis Bakery*

1593636

/s/ Adam Lenkowsky
Kenneth Roberts
Adam Lenkowsky
ROBERTS & BISHOP
118 N. Delaware Street
Indianapolis, IN 46204
Phone: 317-631-0172
Fax: 317-631-0178
E-mail: alenkowsky@robert-bishop.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2011, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to the following parties by operation of the Court's electronic

filing system.  Parties may access this filing through the Court's system.

Kenneth T. Roberts
Tasha R. Roberts
Adam Lenkowsky
ROBERTS & BISHOP
118 North Delaware Street
Indianapolis, IN 46204
krtjusticwe@aol.com
troberts@roberts-bishop.com
alenkowsky@roberts-bishop.com

/s/ Andrew W. Gruber

1593636

## PRELIMINARY JURY INSTRUCTION NO. 1

## INTRODUCTORY PARAGRAPHS

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

One of my duties is to decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

---

Fed. Civil Jury Instr. of the Seventh Cir., Appendix: Sample Preliminary Instructions, p. 173.

Given: _____

Modified: _____

Rejected: _____

Withdrawn: _____

1593636

## PRELIMINARY JURY INSTRUCTION NO. 2

## ORDER OF TRIAL

The trial will proceed in the following manner:

First, Plaintiff's attorney may make an opening statement. Next, Defendant's attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, Plaintiff will call witnesses and present evidence. Then, Defendant will have an opportunity to call witnesses and present evidence. After the parties' main cases are completed, Plaintiff may be permitted to present rebuttal evidence and Defendant may be permitted to present sur-rebuttal evidence.

After the evidence has been presented, the attorneys will make closing arguments, and I will instruct you on the law that applies to the case.  After that, you will go to the jury room to deliberate on your verdicts.

_____

Fed. Civil Jury Instr. of the Seventh Cir., Appendix: Sample Preliminary Instructions, p. 173-74.

Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

1593636

## DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 3

### CLAIMS AND DEFENSES

The positions of the parties can be summarized as follows:

Plaintiff, Christopher White brought this lawsuit against Defendant Kroger Limited Partnership II, d/b/a Indianapolis Bakery ("Kroger") claiming that Kroger terminated his employment because of his race.

Kroger denies that it discriminated against Mr. White in any way.

To prove his claim, Mr. White must prove, by a preponderance of the evidence, that Kroger terminated Mr. White's employment because of his race.

What I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial govern.

**\*\* Plaintiff Objects. This instructions place too much emphasis on the final act in a seven stage disciplinary policy which resulted in White's termination. As the court noted in the Summary Judgment Order, however, "but for the Bakery's inconsistent application of the Policy, White would not have been suspended and discharged." Dk 75, p. 10.**

**Instead, White would request language similar to his preliminary issue instruction: "White alleges that a bakery operated by Kroger discriminated against him by imposing successive discipline on him in 2007 and 2008, culminating in his termination on August 6, 2008.**

_____

Fed. Civil Jury Instr. of the Seventh Cir., Appendix: Sample Preliminary Instructions, p. 174

Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:     _____

1593636

**PRELIMINARY JURY INSTRUCTION NO. 4**

**BURDEN OF PROOF - PREPONDERANCE**

When I say a particular party must prove something by a "preponderance of the evidence," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

_____

Fed. Civil Jury Instr. of the Seventh Cir., Appendix: Sample Preliminary Instructions, p. 174

Given:          _____

Modified:      _____

Rejected:      _____

Withdrawn:    _____

1593636

**PRELIMINARY JURY INSTRUCTION NO. 5**

**PROVINCE OF JUDGE AND JURY**


      Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should not be influenced by any person's race, color, religion, national origin, age, or sex.

———————————————

Fed. Civil Jury Instr. of the Seventh Cir., Appendix: Sample Preliminary Instructions, p. 175

Given:         _____

Modified:     _____

Rejected:      _____

Withdrawn:   _____

1593636

**PRELIMINARY JURY INSTRUCTION NO. 6**

**EVIDENCE IN THE CASE**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and any facts that I may instruct you to find or the parties may agree or stipulate to.

A stipulation is an agreement between both sides that certain facts are true.

_____

Fed. Civil Jury Instr. of the Seventh Cir., Appendix: Sample Preliminary Instructions, p. 175

Given:        _____

Modified:     _____

Rejected:     _____

Withdrawn:    _____

1593636

## PRELIMINARY JURY INSTRUCTION NO. 7

## CREDIBILITY OF WITNESSES

You will have to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also have to decide what weight, if any, you give to the testimony of each witness.

_____

Fed. Civil Jury Instr. of the Seventh Cir., Appendix: Sample Preliminary Instructions, p. 175

Given:          _____

Modified:      _____

Rejected:      _____

Withdrawn:    _____

1593636

## PRELIMINARY JURY INSTRUCTION NO. 8

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."  <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  When the time comes to deliberate on your verdict, you should consider all the evidence in the case, including circumstantial evidence.

_____

Fed. Civil Jury Instr. of the Seventh Cir., Appendix: Sample Preliminary Instructions, p. 175-76

Given:             _____

Modified:        _____

Rejected:        _____

Withdrawn:     _____

## PRELIMINARY JURY INSTRUCTION NO. 9

### INFERENCES

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another facts exists.  In law we call this "inference."  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

_____

Fed. Civil Jury Instr. of the Seventh Cir., Appendix: Sample Preliminary Instructions, p. 176

Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

1593636

## PRELIMINARY JURY INSTRUCTION NO. 10

### WHAT IS NOT EVIDENCE; EVIDENCE FOR LIMITED PURPOSE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case: the attorneys' statements, arguments, questions, and objections of the attorneys; any testimony that I instruct you to disregard; and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

---

Fed. Civil Jury Instr. of the Seventh Cir., Appendix: Sample Preliminary Instructions, p. 176

Given: _____

Modified: _____

Rejected: _____

Withdrawn: _____

1593636

## PRELIMINARY JURY INSTRUCTION NO. 11

## RULINGS ON OBJECTIONS

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions about how you should decide this case.  And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been, and you should not draw any inferences or conclusions from the question itself.

———————————————————

Fed. Civil Jury Instr. of the Seventh Cir., Appendix: Sample Preliminary Instructions, p. 177

Given:          ———

Modified:      ———

Rejected:       ———

Withdrawn:    ———

1593636

## PRELIMINARY JURY INSTRUCTION NO. 12

## BENCH CONFERENCES

At times during the trial it may be necessary for me to talk with the lawyers here at the bench, out of your hearing, or by calling a recess.  We meet because often during a trial something comes up that doesn't involve the jury.

Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

---

Fed. Civil Jury Instr. of the Seventh Cir., Appendix: Sample Preliminary Instructions, p. 177

Given:           _____

Modified:        _____

Rejected:        _____

Withdrawn:       _____

1593636

## PRELIMINARY JURY INSTRUCTION NO. 13

### NOTE-TAKING

Any notes you take during this trial are only aids to your memory.  If your memory differs from your notes, you should rely on your memory and not your notes.  The notes are not evidence.  If you do not take notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

When you leave the courthouse during the trial, your notes should be left in the jury room.  When you leave at night, your notes will be secured and not read by anyone.  At the end of the trial, your notes will be destroyed, and no one will be allowed to read the notes before they are destroyed.

_____

Fed. Civil Jury Instr. of the Seventh Cir., Appendix: Sample Preliminary Instructions, p. 177-78

Given:           _____

Modified:       _____

Rejected:        _____

Withdrawn:     _____

1593636

**PRELIMINARY JURY INSTRUCTION NO. 14**

**NO TRANSCRIPT AVAILABLE TO JURY**

Pay close attention to the testimony as it is given.  At the end of the trial you must make your decision based on what you recall of the evidence.  You will not have a written transcript to consult.

_____

Fed. Civil Jury Instr. of the Seventh Cir., Appendix: Sample Preliminary Instructions, p. 178

Given:        _____

Modified:        _____

Rejected:        _____

Withdrawn:        _____

## PRELIMINARY JURY INSTRUCTION NO. 15

## QUESTIONS BY JURORS FORBIDDEN

I do not permit jurors to ask questions of witnesses or of the lawyers.  Please do not interrupt the lawyers during their examination of witnesses.

If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected.

_____

Fed. Civil Jury Instr. of the Seventh Cir., Appendix: Sample Preliminary Instructions, p. 178

Given:            _____

Modified:        _____

Rejected:        _____

Withdrawn:      _____

1593636

**PRELIMINARY JURY INSTRUCTION NO. 16**

**JUDGE'S QUESTIONS**

During the trial, I may sometimes ask a witness questions.  Do not assume that because I ask questions I hold any opinion on the matters I ask about, or on how the case should be decided.

_____

Fed. Civil Jury Instr. of the Seventh Cir., Appendix: Sample Preliminary Instructions, p. 179

Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

**PRELIMINARY JURY INSTRUCTION NO. 17**

**JURY CONDUCT**

All jurors must follow certain rules of conduct, and you must follow them, too.

First, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else.  You must not let others discuss the case with you.  If anyone tries to talk to you about the case please let me know about it immediately.

Second, you must not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

Third, you must not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.

Fourth, if you need to communicate with me, you must give a signed note to the bailiff to give to me.

Fifth, you must not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

---

Fed. Civil Jury Instr. of the Seventh Cir., Appendix: Sample Preliminary Instructions, p. 179-180

Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

1593636

## PRELIMINARY JURY INSTRUCTION NO. 18

## CAUTIONARY INSTRUCTION BEFORE RECESS

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier.  Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately.  Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

_____

Federal Civil Jury Instructions of the Seventh Circuit, 2.01

Given:          _____

Modified:      _____

Rejected:      _____

Withdrawn:    _____

1593636

**FINAL JURY INSTRUCTION NO. 1**

**FUNCTIONS OF THE COURT AND JURY**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should not be influenced by any person's race, color, religion, national origin, age, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

_____

Federal Civil Jury Instructions of the Seventh Circuit, 1.01

Given:            _____

Modified:         _____

Rejected:         _____

Withdrawn:        _____

**FINAL JURY INSTRUCTION NO. 2**

**ALL LITIGANTS EQUAL BEFORE THE LAW**

In this case, Kroger is a corporation.  All parties are equal before the law.  A corporation is entitled to the same fair consideration that you would give any individual person.

_____

Federal Civil Jury Instructions of the Seventh Circuit, 1.03

Given:         _____

Modified:      _____

Rejected:      _____

Withdrawn:     _____

1593636

## FINAL JURY INSTRUCTION NO. 3

### EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.  A stipulation is an agreement between both sides that certain facts are true.

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence.  Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

---

Federal Civil Jury Instructions of the Seventh Circuit, 1.04

Given:            _____

Modified:         _____

Rejected:         _____

Withdrawn:        _____

1593636

**FINAL JURY INSTRUCTION NO. 4**

**NOTE-TAKING**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

_____

Federal Civil Jury Instructions of the Seventh Circuit, 1.07

Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

**FINAL JURY INSTRUCTION NO. 5**

**CONSIDERATION OF ALL EVIDENCE**
**REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

_____

Federal Civil Jury Instructions of the Seventh Circuit, 1.08

Given:           _____

Modified:        _____

Rejected:        _____

Withdrawn:       _____

1593636

**FINAL JURY INSTRUCTION NO. 6**

**LIMITED PURPOSE OF EVIDENCE**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

_____

Federal Civil Jury Instructions of the Seventh Circuit, 1.09

Given:            _____

Modified:        _____

Rejected:        _____

Withdrawn:      _____

1593636

## FINAL JURY INSTRUCTION NO. 7

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

---

Federal Civil Jury Instructions of the Seventh Circuit, 1.11

Given:          _____

Modified:     _____

Rejected:     _____

Withdrawn:  _____

1593636

**FINAL JURY INSTRUCTION NO. 8**

**DEFINITION OF "DIRECT"
AND "CIRCUMSTANTIAL" EVIDENCE**

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a the witness who says, "I was outside a minute ago and I saw it raining."  <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You should decide how much weight to give to any evidence.  In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

_____

Federal Civil Jury Instructions of the Seventh Circuit, 1.12

Given:          _____

Modified:      _____

Rejected:      _____

Withdrawn:    _____

1593636

**FINAL JURY INSTRUCTION NO. 9**

**TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying;
- the witness's age;
- and the reasonableness of the witness's testimony in light of all the evidence in the case.

_____

Federal Civil Jury Instructions of the Seventh Circuit, 1.13

Given: _____

Modified: _____

Rejected: _____

Withdrawn: _____

1593636

**FINAL JURY INSTRUCTION NO. 10**

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

_____

Federal Civil Jury Instructions of the Seventh Circuit, 1.18

Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

1593636

## FINAL JURY INSTRUCTION NO. 11

## IMPEACHMENT OF WITNESS - CONVICTIONS

You have heard evidence that Mr. White has been convicted of a crime.  You may consider this evidence only in deciding whether Mr. White's testimony is truthful in whole, in part, or not at all.  You may not consider this evidence for any other purpose.

_____

Federal Civil Jury Instructions of the Seventh Circuit, 1.15

Given:             _____

Modified:          _____

Rejected:          _____

Withdrawn:         _____

1593636

**FINAL JURY INSTRUCTION NO. 12**

**BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

_____

Federal Civil Jury Instructions of the Seventh Circuit, 1.27

Given:        _____

Modified:        _____

Rejected:        _____

Withdrawn:        _____

1593636

**FINAL JURY INSTRUCTION NO. 13**

**STIPULATIONS OF FACT**

The parties have stipulated, or agreed, that *[stipulated facts]*.

You must now treat these facts as having been proved for the purpose of this case.

———————————————————

Federal Civil Jury Instructions of the Seventh Circuit, 2.05

Given:        ———

Modified:    ———

Rejected:    ———

Withdrawn:  ———

1593636

**FINAL JURY INSTRUCTION NO. 14**

**DEMONSTRATIVE EXHIBITS**

A diagram of the Kroger Bakery has been shown to you.  This diagram is used for convenience and to help explain the facts of the case.  It is not evidence or proof of any facts.

_____

Federal Civil Jury Instructions of the Seventh Circuit, 1.24

Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

1593636

## FINAL JURY INSTRUCTION NO. 15

## JUDGE'S COMMENTS TO LAWYERS

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

_____

Federal Civil Jury Instructions of the Seventh Circuit, 2.14

Given:              _____

Modified:          _____

Rejected:          _____

Withdrawn:        _____

1593636

# FINAL JURY INSTRUCTION NO. 16

## REVIEW OF CLAIMS AND DEFENSES

Now that you have heard all the evidence, I will remind you of the parties' claims and defenses to guide your deliberations.

Plaintiff, Christopher White brought this lawsuit against Defendant Kroger claiming that Kroger terminated Mr. White because of his race.

Kroger denies that it discriminated against Mr. White in any way.

To prove his claim, Mr. White will have to prove, by a preponderance of the evidence, that Kroger terminated Mr. White's employment because of his race.

**\*\* Plaintiff Objects.  This instructions place too much emphasis on the final act in a seven stage disciplinary policy which resulted in White's termination. As the court noted in the Summary Judgment Order, however, "but for the Bakery's inconsistent application of the Policy, White would not have been suspended and discharged." Dk 75, p. 10.**

**Instead, White would request language similar to his preliminary issue instruction: "White alleges that a bakery operated by Kroger discriminated against him by imposing successive discipline on him in 2007 and 2008, culminating in his termination on August 6, 2008."**

_____

Fed. Civil Jury Instr. of the Seventh Cir., Appendix: Sample Preliminary Instructions, p. 174

Given:          _____

Modified:      _____

Rejected:       _____

Withdrawn:    _____

1593636

**DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 17**

**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

Title VII of the Civil Rights Act of 1964, as amended, provides in relevant part: "It shall be an unlawful employment practice for an employer … to discharge any individual … because of such individual's race …"

Mr. White brings a claim against Kroger under Title VII of the Civil Rights Act for race discrimation, that Kroger terminated his employment because of his race. I will address this claim in the following instructions.

**\*\* Plaintiff Objects.  This instructions place too much emphasis on the final act in a seven stage disciplinary policy which resulted in White's termination. As the court noted in the Summary Judgment Order, however, "but for the Bakery's inconsistent application of the Policy, White would not have been suspended and discharged." Dk 75, p. 10.**

**Instead, White would request language similar to his preliminary issue instruction: "White alleges that a bakery operated by Kroger discriminated against him by imposing successive discipline on him in 2007 and 2008, culminating in his termination on August 6, 2008."**

_____

42 U.S.C. § 2000e-2(a)(1)

Given: _____

Modified: _____

Rejected: _____

Withdrawn: _____

**DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 18**

**RACE DISCRIMINATION IN TERMINATION**

Mr. White claims that Kroger terminated his employment because of his race in violation of Title VII.  To succeed on his claim, Mr. White must prove by a preponderance of the evidence that Kroger terminated his employment because he is African-American.

To determine that Kroger terminated Mr. White's employment because of his race, you must decide that Kroger would not have issued Mr. White the same discipline which led to the termination of his employment had he not been African-American, but everything else had been the same.

If you find that Mr. White has proved this by a preponderance of the evidence, then you must find for Mr. White.  However, if you find that Mr. White did not prove this by a preponderance of the evidence, then you must find for Kroger.

**\*\* Plaintiff Objects.  This instructions place too much emphasis on the final act in a seven stage disciplinary policy which resulted in White's termination. As the court noted in the Summary Judgment Order, however, "but for the Bakery's inconsistent application of the Policy, White would not have been suspended and discharged." Dk 75, p. 10.**

**Instead, White would request language similar to his preliminary issue instruction: "White alleges that a bakery operated by Kroger discriminated against him by imposing successive discipline on him in 2007 and 2008, culminating in his termination on August 6, 2008."**

_____

Federal Civil Jury Instructions of the Seventh Circuit, 3.01(modified)

Given:　　　　_____

Modified:　　　_____

Rejected:　　　_____

Withdrawn:　　　_____

1593636

**DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 19**

**COMPARATOR EVIDENCE**

Mr. White introduced Constructive Advice Records Kroger issued to Caucasian individuals who worked at the Bakery.  Mr. White introduced this evidence to show that Kroger allegedly treated Caucasian employees more favorably than him with respect to discipline.  You must decide whether these individuals are "directly comparable" to Mr. White before you can make a determination that Kroger treated them more favorably.  In order to be "directly comparable", the individual must be "directly comparable" in all material respects – the individuals must occupy the same job level, be disciplined by the same supervisor, and engage in the same misconduct.  If you do not find that the individuals are "directly comparable" to Mr. White, you should not infer or conclude that Kroger treated them more favorably than Mr. White.

Mr. White may not "cherry-pick" alleged comparators to show that other individuals were treated more favorably than him.  Cherry-picking is when a large pool of possible comparators exists, and the plaintiff picks a few incidents of alleged dissimilar (and seemingly more favorable) treatment to prove that he was treated less favorably.  Cherry-picking comparators is insufficient evidence to prove race discrimination. Under the law, perfect enforcement of company rules is not to be expected.

**\*\* Plaintiff Objects.  Paragraph 1 requests an instruction informing the jury that White may only compare himself to employees who occupy the same job level, are subject to discipline by the same supervisor, and engage in the same misconduct." White was a "vacation reliever" –meaning that he performed duties of multiple different categories of employees when they were on vacation. In addition, like all employees at the Bakery, White was subject to a Collective Bargaining Agreement. The Court in its Summary Judgment Order concluded "the Court finds that White satisfied the similarly situated element for his prima facie case by establishing that the Bakery, through the administration of its Policy, treated some Caucasian employees differently." Dk 75, p. 11. For this reason, paragraph one is inappropriate.**

**Paragraph 2 asks that the jury be instructed that White cannot "cherry-pick" comparators. This is just surplusage likely to confuse the jury. White's burden is still to prove that he was disciplined and terminated on account of his race. Kroger is free to argue that the manner in which they treated White – or other employees – was not on account of race.**

**The only case that Kroger submits in support of this instruction is *Crawford v. Indiana Harbor Belt Railroad Co.*, 461 F.3d 844 (7th Cir. 2006). However, this case involved progressive discipline for which the Plaintiff conceded the conduct had occurred. White has not made this concession.**

---

*Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002); *Jordan v. City of Gary,* 396 F.3d 825, 834 (7th Cir. 2005); *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617-18 (7th Cir. 2000); *Crawford v. Indiana Harbor Belt Railroad Company*, 461 F.3d 844, 845 (7th Cir. 2006).

Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

## FINAL JURY INSTRUCTION NO. 20

## REASONABLENESS OF DEFENDANT'S ACTIONS

In deciding Mr. White's claim, you should not concern yourselves with whether Kroger's actions were wise, reasonable, or fair.   Rather, your concern is only whether Mr. White has proved that Kroger terminated his employment because of his race.

_____

Federal Civil Jury Instructions of the Seventh Circuit, 3.07

Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

1593636

**DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 21**

**LIMITING INSTRUCTION REGARDING LABOR ARBITRATION**

You heard the following stipulations of fact regarding a previous labor arbitration between the Plaintiff and Defendant:

1.     Following White's termination of employment, the Union grieved the termination.

2.     An arbitration hearing was held on the grievance; sworn testimony was taken.

3.     The arbitrator ordered Kroger to reinstate White (which it did), but <u>without</u> <u>any</u> <u>backpay</u> – noting that White's conduct was deserving of discipline.

4.     The arbitrator further ordered Kroger to reimburse White for any loss resulting from any lost benefit.

5.     White returned to work on or around August 24, 2009, pursuant to the arbitrator's decision.

You are not to consider the arbitrator's decision to award Mr. White reinstatement as a determination that Kroger engaged in race discrimination.  Furthermore, the five stipulated facts mentioned above do not establish or prove Mr. White's race discrimination claim against Kroger. They have only been admitted for the limited purpose of background facts.


**\*\* Plaintiff objects.  The arbitration contains relevant information about Kroger's discipline scheme. In addition, the whole arbitration contains information relevant to how Kroger was misclassifying White's discipline, lumping all of his alleged violations into the category of "Quality of Work." In particular, White was disciplined on May 11, 2007 for leaving his work for "Disregard of Established Rule" and then on May 15, 2008 for the exact same conduct as "Quality of Work." In addition, the transcript shows that Kroger had classified a violation of allegedly not wearing an ear plug to White as "Quality of Work" that had previously been classified as "Disregard of Established Rule."**

**Kroger's treatment of White as documented in the arbitration opinion is directly relevant to his claims that comparators were being treated more favorably. In addition, it goes to show pre-text.**

1593636

_____

*Tout v. County of Erie, et al.,* 1998 U.S. Dist. LEXIS 15466, *15 (W.D. N.Y. Sept. 9, 1998).

Given:        _____

Modified:     _____

Rejected:     _____

Withdrawn:    _____

**PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 22**

If you find that Plaintiff has proved his claim against Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.  Plaintiff must prove his damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove his claim, then you will not consider the question of damages.

**\*\* Defendant objects to Plaintiff's Proposed Final Jury Instruction No. 22 based on its Fourth Motion in Limine.  Plaintiff may not recover consequential, compensatory, or punitive damages as detailed in the Fourth Motion in Limine.  In the event that the jury finds Kroger liable, the most White could recover is one year of backpay.  Deciding whether to award White backpay is not for the jury to decide; it is only for the Court. Therefore, Defendant objects to any damages instruction.**

_____

7th Circuit Pattern Instruction, 3.09

Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

1593636

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 23

If you find by a preponderance of the evidence that Kroger intentionally discriminated against White, then you must consider the issue of compensatory damages. You must award White an amount that will fairly compensate him for any injury he actually sustained as a result of Kroger's conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put White in the position he would have occupied if the discrimination had not occurred. White has the burden of proving damages by a preponderance of the evidence.

White must show that the injury would not have occurred without Kroger's act. White must also show that Kroger's act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Kroger's act. This test – a substantial part in bringing about the injury – is to be distinguished from the test you must employ in determining whether Kroger's actions were motivated by discrimination. In other words, even assuming that Kroger's actions were motivated by discrimination, White is not entitled to damages for an injury unless Kroger's discriminatory actions actually played a substantial part in bringing about that injury.

There can be more than one cause of an injury. To find that Kroger's act caused White's injury, you need not find that Kroger's act was the nearest cause, either in time or space. However, if White's injury was caused by a later, independent event that intervened between Kroger's act and White's injury, Kroger is not liable unless the injury was reasonably foreseeable by Kroger.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

If you find that Plaintiff has proven his claim of discrimination by a preponderance of the evidence, you may award him as damages any lost wages and benefits he would have received from the Defendant if he had not been terminated. It is Plaintiff's burden to prove that he lost wages and benefits and their amount. If he fails to do so for any periods of time for which he seeks damages, then you may not award damages for that time period.

You may award damages for monetary losses that White may suffer in the future as a result of Kroger's termination of White. For example, you may award damages for loss of earnings resulting from any harm to White's reputation that was suffered as a result of Kroger's termination of him. Where a victim of discrimination has been terminated by an employer, and has sued that employer for discrimination, he may find it more difficult to be employed in the future, or may have to take a job that pays less than if the discrimination had not occurred. That element of damages is distinct from the amount of wages White would have earned in the future from Kroger if he had retained the job.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that experienced as a consequence of Kroger's termination of White.  No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these elements of damage.  Any award you make should be fair in light of the evidence presented at the trial.

**\*\* Defendant objects to Plaintiff's Proposed Final Jury Instruction No. 23 based on its Fourth Motion in Limine.  Plaintiff may not recover compensatory damages.  White already received lost benefits from the labor arbitration ruling, and he is not entitled to receive emotional distress damages based on the voluntary dismissal of his negligent infliction of emotional distress claim and the Court's ruling on his intentional infliction of emotional distress claim.  Furthermore, White is not entitled to any form of damages following the date of his second termination of employment for absenteeism due to his prison sentence.  Such termination is not a part of this lawsuit, and White should not receive any front pay or lost benefits as a result.  Therefore, Defendant objects to this damages instruction.**

---

7th Circuit Pattern Instructions 3.10 and 3.11; 3rd Circuit Pattern Instruction 5.4.1

Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 24

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant.  The purposed of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant.  You may assess punitive damages only if you find that their conduct was in reckless disregard of Plaintiff's rights.  An action is in reckless disregard of Plaintiff's rights if taken with knowledge that it may violate the law.

Plaintiff must prove by a preponderance of the evidence that Defendant's managerial employees acted within the scope of their employment and in reckless disregard of Plaintiff's right not to be discriminated against.  In determining whether Defendant's managerial employees acted within their scope of authority, you should consider the kind of authority Defendant gave him, the amount of discretion they had in carrying out their job duties and the manner in which they were carried out.  You should not, however, award Plaintiff punitive damages if Defendant proves that they made a good faith effort to implement an antidiscrimination policy.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages.  Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party.  In determining the amount of any punitive damages, you should consider the following factors:

- The reprehensibility of Defendant's conduct;
- The impact of Defendant's conduct on Plaintiff;
- The relationship between Plaintiff and Defendant;
- The likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;
- Defendant's financial condition;
- The relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.


**\*\* Defendant objects to Plaintiff's Proposed Final Jury Instruction No. 24 based on its Fourth Motion in Limine.  Plaintiff may not recover punitive damages.  There is no evidence that any of the supervisors who issued White Constructive Advice Records or the individuals who made the decision to terminate his employment acted with malice or reckless indifference to his federally protected rights.  Indeed, the arbitrator did not award back pay to White because he ruled that White was deserving of discipline for his last offense under the progressive discipline policy.  Kroger then reinstated his employment, and it was only White's own doing that caused him to lose his job a second time.  Therefore, Defendant objects to this damages instruction.**

_____

7th Circuit Pattern Instructions 3.13

Given:            _____

Modified:        _____

Rejected:        _____

Withdrawn:      _____

**FINAL JURY INSTRUCTION NO. 25**

**SELECTION OF PRESIDING JUROR;**
**GENERAL VERDICT**

Upon retiring to the jury room, you must select a presiding juror.  The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

**[Forms of verdict read.]**

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

_____

Federal Civil Jury Instructions of the Seventh Circuit, 1.32

Given:              _____

Modified:         _____

Rejected:         _____

Withdrawn:      _____

1593636

**FINAL JURY INSTRUCTION NO. 26**

**COMMUNICATION WITH COURT**

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.  The writing should be given to the bailiff, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

_____

Federal Civil Jury Instructions of the Seventh Circuit, 1.33

Given:  _____

Modified:  _____

Rejected:  _____

Withdrawn:  _____

**FINAL JURY INSTRUCTION NO. 27**

**DISAGREEMENT AMONG JURORS**

The verdict must represent the considered judgment of each juror.  Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

_____

Federal Civil Jury Instructions of the Seventh Circuit, 1.34

Given:          _____

Modified:      _____

Rejected:      _____

Withdrawn:      _____

**PLAINTIFF'S PROPOSED PRELIMINARY ISSUE INSTRUCTION**

Christopher White has brought a lawsuit against Kroger.  In his lawsuit, he alleges that a bakery operated by Kroger discriminated against him by imposing successive discipline on him in 2007 and 2008, culminating in his termination on August 6, 2008.  Kroger denies White's claims.

**DEFENDANT'S PROPOSED PRELIMINARY ISSUE INSTRUCTION**

Christopher White worked at Kroger's bakery.  He received seven Constructive Advice Records in a one year period of time, which subjected him to termination under Kroger's progressive discipline policy.

Mr. White then brought this lawsuit against Kroger claiming race discrimination based on the discipline he received and his termination of employment.

Kroger denies that it discriminated against Mr. White in any way.

1593636

## <u>DEFENDANT'S PROPOSED VERDICT FORM</u>

Under the Court's instructions of law, please answer the following question unanimously:

Has Plaintiff Christopher White proved by a preponderance of all the evidence that Kroger Limited Partnership II, d/b/a Indianapolis Bakery terminated his employment because of his race?

_____                                      _____
Yes                                                         No


Date: _____                    _____
                                                           Foreperson


**\*\* Plaintiff objects.  The verdict form does not include damages.**

1593636

**<u>PLAINTIFF'S PROPOSED VERDICT FORM</u>**

1. Do you find by a preponderance of the evidence that plaintiff Chris White's race was a motivating factor in defendant Kroger's decision to terminate plaintiff?  Yes_____ No ___

   **[If your answer is "No," you have found in favor of defendant on plaintiff's Title VII claim.  You should then sign and date this verdict form.  If your answer to Question 1 is "Yes,", proceed to answer the following questions.]**

2. Has defendant Kroger proved by a preponderance of the evidence that it would have terminated plaintiff Chris White regardless of his race?  Yes_____    No_____

   **[If your answer to Question 2 is "Yes," sign and date this verdict form.  If your answer to Question 2 is "No" proceed to Question 3.**

3. We find that plaintiff's lost wages and benefits from [beginning date] through [ending date], to be:

   $_____ (State the amount or, if none, write the word "None.")

4. We find plaintiff's other compensatory damages (including emotional distress and other damages reasonably related to this termination) to be:

   $_____(State the amount or, if none, write the word "None.")

5. Do you find by a preponderance of the evidence that defendant Kroger acted with malice or reckless indifference to plaintiff [Name of Plaintiff]'s federally protected rights?

   Yes_____ No_____

   **[If your answer to Question 5 is "Yes," you should continue to question 6 below.  If your answer to Question 5 is "No," the foreperson and all other members of the jury should sign this form and your deliberations are complete.]**

6.  If you find that plaintiff Chris White is entitled to a sum for punitive damages, to what

   amount do you find [he/she] is entitled?

   $_____ (State the amount or, if none, write the word "None.")


   **[The foreperson should now sign this form.]**


   _____ (Foreperson)




** **Defendant objects to Plaintiff's Proposed Verdict Form because it includes damages instructions and a "motivating factor" standard.  As described above in response to Plaintiff's proposed jury instructions, Defendant objects to any instruction or verdict form regarding damages.  Plaintiff is not entitled to consequential, compensatory, or punitive damages.  Even if the jury found Kroger liable for discrimination, the most he could receive is one year of backpay, which is not a determination for the Court.  Furthermore, this is a not a mixed motive case, making the "motivating factor" standard inappropriate.  The proper standard is "but for" - whether Kroger terminated White's employment <u>because of his race.</u>**