# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRIS WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:08-cv-1735-TWP-MJD |
| | ) | |
| KROGER LIMITED PARTNERSHIP II d/b/a | ) | |
| INDIANAPOLIS BAKERY, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON MOTIONS IN *LIMINE*

This matter is before the Court on the parties' Motions in *Limine*. The court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400-01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id*. at 1401; *see also United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in *limine* ruling.").

**A.     Plaintiff's Motion in *Limine***

Plaintiff Chris White's ("White") Motion in *Limine* (Dkt. 109) seeks to bar evidence relating to his rocky relationship with his own counsel and his counsel's corresponding attempts

to withdraw from this case. At first blush, such evidence appears irrelevant and prejudicial. That said, White claims that he suffered emotional distress as a result of Defendant Kroger Limited Partnership II's ("Kroger") actions. To substantiate this claim, White has identified Department of Corrections medical records as possible trial exhibits. One such record, dated September 13, 2010, states: "Mr. White requested to be seen. <u>He is upset that [he] rec'd a letter from attorney saying to take a settlement or he quits</u>. He spoke of being frustrated. He also spoke of lack of patience." (emphasis added). From this exhibit, Kroger contends that White's relationship with his attorneys was, at the very least, a contributing factor to his emotional distress.

To some extent, the Court agrees. However, the Court is also mindful that if the jury learns that White's counsel issued a "settle or we quit" ultimatum, they could easily draw a strong adverse inference about the strength of White's case and the veracity of his allegations. Because of its unduly prejudicial effect, the Court will bar evidence specifically relating to this "settle or we quit" ultimatum. Along similar lines, the Court also bars evidence specifically relating to counsel's attempt to withdraw from this case. Thus, White's Motion in *Limine* (Dkt. 109) is **GRANTED**.

The Court, however, cautions White's counsel to use care in offering evidence of emotional distress. During trial, if Defendant believes Plaintiff has "opened the door" such that the limited evidence becomes admissible, counsel should approach and request a hearing outside the presence of the jury.

**B.     Defendant's Motions in *Limine***

Kroger has filed four Motions in *Limine*. White does not object to Kroger's Second

Motion in *Limine*, relating to retaliation evidence. Accordingly, Kroger's Second Motion in *Limine* (Dkt. 115) is **GRANTED**. The three disputed Motions in *Limine* are addressed in turn below.

      1.      **Motion in *Limine* 1 – Arbitration Award**

Kroger's First Motion in *Limine* (Dkt. 114) seeks to bar evidence relating to an Arbitration Opinion and Award ("Opinion"), ordering Kroger to reinstate White. Kroger argues that the Opinion is irrelevant and prejudicial because it had nothing to do with race discrimination. Indeed, the Opinion did not consider racial issues and actually ruled that White should be reinstated *without backpay* because his conduct was deserving of discipline. Significantly, the Opinion single-mindedly focused on whether Defendant had just cause to terminate Plaintiff under the operative Collective Bargaining Agreement.

The Court agrees. There was no evidence presented at arbitration regarding race discrimination or that Caucasian employees were treated more favorably than Plaintiff. The Court believes that the Opinion could confuse the jury and erroneously allow them to conclude that an adverse ruling in the arbitration proceeding is suggestive of unlawful conduct in the current lawsuit. *See Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007) (ordering new trial; "The allure of a prior expert adjudication must be strong for a jury. An expert body's determination that Arlio had been improperly suspended undoubtedly had an impact on the jury, despite any attempt by the district court to explain the legal distinction between the issues before the jury and those before the Arbitration Board. *District courts must assiduously guard juries against the siren song of irrelevant and prejudicial prior determinations*.") (emphasis added). White counters that the Opinion is relevant because it explains Kroger's discipline policy, as well as

3

how it effectuated White's discharge. However, White has other avenues for introducing such evidence in a far less prejudicial fashion. Accordingly, Kroger's First Motion in *Limine* (Dkt. 114) is **GRANTED**.

    **2.**    **Defendant's Third Motion in *Limine* – Constructive Advice Records**

Kroger's Third Motion in *Limine* (Dkt. 116) seeks to bar evidence relating to various Constructive Advice Records ("CAR") issued by Kroger, including: (1) CAR's issued to White prior to July 5, 2007; (2) CAR's issued to employees prior to July 5, 2007, and after August 8, 2008; and (3) CAR's issued to Wendy Durham and Robin Kirk.

First, Kroger argues that CAR's issued to Plaintiff prior to July 5, 2007 are irrelevant because they did not play any role whatsoever in his ultimate discharge. White counters that prior CAR's are relevant because they show when the alleged discrimination began. Specifically, on May 11, 2007, Plaintiff was issued a CAR for leaving his work area, which was classified as a "Disregard for Established Rule." One year later, he was issued another CAR for the same conduct, but it was classified as a "Quality of Work" violation. The Court finds that such evidence has some probative value and little risk of prejudice. Accordingly, the Court will allow it. Along similar lines, the Court reaches the same conclusion for the second category of CAR's. Despite the timing issues, such CAR's could possibly show Kroger's arguably inconsistent and allegedly discriminatory application of its policy. White will have to establish how each CAR is relevant at the time each exhibit is offered. Therefore, Kroger's Third Motion in *Limine* (Dkt. 116) is **DENIED** with respect to CAR's issued to Plaintiff prior to July 5, 2007 and CAR's issued to employees prior to July 5, 2007, and after August 8, 2008.

As for the third category of CAR's, those issued to Wendy Durham and Robin Kirk,

4

Kroger appears to have a strong argument. White has listed Durham and Kirk as witnesses; however, White has not yet demonstrated that he is similarly situated to these two witnesses nor established how the CAR's of Durham and Kirk are relevant. Kroger's Third Motion in *Limine* (Dkt. 116) is **GRANTED** with respect to CAR's of Durham and Kirk. If during trial, Plaintiff believes this limited evidence becomes relevant and admissible, he may approach and request a hearing outside the presence of the jury.

    3.    **Defendant's Fourth Motion in *Limine* – Damages**

Kroger's Fourth Motion in *Limine* (Dkt. 117) seeks to bar evidence relating to certain types of damages. Specifically, Kroger argues that if a jury finds for White, his potential damages should be limited to roughly one year of backpay – from August 8, 2008 to August 24, 2009. This is the entire period of time when White did not work for Kroger due to the alleged discrimination.

As part of this argument, Kroger contends that White should be barred from introducing evidence relating to the loss of his house ($78,000.00), the loss of his BMW ($21,000.00), and a family loan of $11,000.00. The Court respectfully disagrees. As White concedes, these specific dollar amounts are not recoverable. *See* 42 U.S.C. § 2000e-5(g)(1) (successful plaintiff may recover injunctive relief, reinstatement, and backpay). However, under 42 U.S.C. § 1981a(b)(3), a Title VII plaintiff may recover damages for "emotional pain, suffering, inconvenience, mental anguish, [and] loss of enjoyment of life . . .". Accordingly, White can present evidence showing that the loss of his home, loss of his car, and the a family loan – which stemmed from Kroger's allegedly discriminatory conduct – caused emotional pain. In a similar vein, White can introduce evidence relating to his emotional distress. Kroger argues that White did not proffer

sufficient evidence to survive summary judgment on his intentional infliction of emotional distress claim. However, damages under 42 U.S.C. § 1981a(b)(3) relating to emotional distress are distinct from a separate claim for intentional infliction of emotional distress. *Brandenburg v. Earl L. Henderson Trucking Co., LLC*, 2010 WL 2219603, at *3 (S.D. Ill. 2010). It may be true, as Kroger contends, that White's emotional distress evidence is limited. But this fact should not be fatal to White's ability to introduce what evidence he does have. Thus, Kroger's Fourth Motion in *Limine* (Dkt. 117) is **DENIED** to the extent it applies to the components of White's alleged emotional distress damages.

Next, Kroger argues that White should be prohibited from introducing evidence for lost benefits because the arbitrator, in the Opinion, already awarded White compensation for lost benefits during the operative one-year time period. Moreover, Kroger contends that it cannot be held liable for any expenses or lost benefits following White's reinstatement and subsequent termination for absenteeism due to a prison sentence. The Court agrees. Thus, Kroger's Fourth Motion in *Limine* (Dkt. 117) is **GRANTED** to the extent it applies to White's lost benefits prior to or following his reinstatement.

Finally, Kroger argues that White should be prohibited from seeking punitive damages, which are appropriate when an employer engages in a discriminatory practice with malice or with reckless indifference to the plaintiff's federally protected rights. 42 U.S.C. § 1981a(b)(1). The Court believes that any ruling on this issue would be premature and runs the risk of usurping the jury's role. Accordingly, Kroger's Fourth Motion in *Limine* (Dkt. 117) is **DENIED** with respect to evidence relating to punitive damages.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion in *Limine* (Dkt. 109) is **GRANTED**. Defendant's Motion in *Limine* (Dkt. 114) is **GRANTED**, Defendant's Motion in *Limine* (Dkt. 115) is **GRANTED**, Defendant's Motion in *Limine* (Dkt. 116) is **DENIED** in part and **GRANTED** in part and Defendant's Motion in *Limine* (Dkt. 117) is **DENIED** in part and **GRANTED** in part.

SO ORDERED.

Date: 06/27/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

Carolyn Ann Clay
BINGHAM MCHALE LLP
cclay@binghammchale.com

Andrew W. Gruber
BINGHAM MCHALE LLP
agruber@binghammchale.com

Adam Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com

Kenneth T. Roberts
ROBERTS & BISHOP
ktrjustice@aol.com

Tasha Rebecca Roberts
ROBERTS AND BISHOP
troberts@roberts-bishop.com