# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRIS WHITE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:08-cv-1735-TWP-MJD |
| KROGER LIMITED PARTNERSHIP II d/b/a INDIANAPOLIS BAKERY, | ) ) ) ) |
| Defendant. | ) ) |

## ENTRY ON MISCELLANEOUS EVIDENTIARY ISSUES

This matter is before the Court on two evidentiary issues. Specifically, Plaintiff Chris White ("White") seeks to: (1) admit records from the Department of Workforce Development ("DWD") regarding his award of unemployment benefits on appeal (Dkt. 143); and (2) use the deposition testimony of Derek Jordan from a previous arbitration proceeding in lieu of live testimony (Dkt. 144). Each issue is addressed in turn below.

**A.     DWD Records**

White contends that the DWD records are relevant to show that: (1) he was looking for work, and thus attempting to mitigate his damages; and (2) Kroger did not have "just cause" for his termination. The Court disagrees. The DWD records make no reference to White's attempts to find work. More importantly, the DWD records had nothing to do with race discrimination; instead, they solely focused on "just cause" issues. In a previous entry, the Court found the Arbitration Award to be irrelevant and prejudicial because it dealt with issues unrelated to race discrimination (Dkt. 139 at 3-4). For essentially the same reason, the Court must also exclude the DWD records. Seventh Circuit precedent reinforces this position. *See McClendon v. Indiana*

*Sugars, Inc.*, 108 F.3d 789, 798 (7th Cir. 1997) (refusing to consider DWD record in discrimination case; "Not only was the ultimate issue decided in the Indiana [DWD] proceeding different from that presented in this case [Title VII discrimination], but the allocation of burden of proof with respect to the underlying facts in the state case was significantly different."). For these reasons, White is prohibited from introducing the DWD records at trial.

**B.      Deposition Testimony**

White seeks to have Derek Jordan declared an unavailable witness under Fed. R. Evid. 804(a)(5), so that his prior deposition testimony in an arbitration proceeding can be admitted pursuant to Fed. R. Evid. 804(b)(1). In support of his unavailability argument, counsel for White states that he talked to Mr. Jordan on June 27, 2011. Mr. Jordan informed counsel that he would be on vacation during the trial, insisted that he would not attend trial under any circumstances, and refused to divulge his address. These obstacles, while certainly inconvenient for White, do not yet warrant an unavailability determination. *See, e.g., N.L.R.B. v. Augusta Bakery Corp.*, 957 F.2d 1467, 1480 (7th Cir. 1992) (offer of proof regarding unavailability was insufficient where counsel stated that witness was unavailable and did not show efforts to procure the witness' presence); *United States v. Hite*, 364 F.3d 874, 882-83 (7th Cir. 2004) (*vacated and remanded* in light of *United States v. Booker*, 543 U.S. 220 (2005)) (district court did not abuse discretion in finding that defense failed to pursue reasonable means to determine witness' unavailability when the "search" for the witness did not begin until four months before trial and the witness was in and out of the court system during this time period). In the Court's view, White's efforts to deem Mr. Jordan unavailable have been inadequate. As Defendant notes, "there is nothing prohibiting Plaintiff from now subpoenaing Mr. Jordan for the July 18th trial, which is still two

(2) weeks away." (Dkt. 146 at 3). Accordingly, at this time, the Court denies White's request that Mr. Jordan be declared unavailable pursuant to Fed. R. Evid. 804(a)(5).

**C.     Conclusion**

For the reasons set forth above, White's request to admit DWD records (Dkt. 143) and his request to use Mr. Jordan's deposition testimony (Dkt. 144) are **DENIED**.

SO ORDERED:   07/07/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

**Carolyn Ann Clay**
BINGHAM MCHALE LLP
cclay@binghammchale.com,mgroce@binghammchale.com

**Andrew W. Gruber**
BINGHAM MCHALE LLP
agruber@binghammchale.com,mgroce@binghammchale.com

**Adam Lenkowsky**
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com,ecf.alenkowsky@gmail.com

**Kenneth T. Roberts**
ROBERTS & BISHOP
ktrjustice@aol.com

**Tasha Rebecca Roberts**
ROBERTS AND BISHOP
troberts@roberts-bishop.com