**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **CHRIS WHITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 1:08-CV-1735 TWP-MJD** |
| | ) | |
| **KROGER LIMITED PARTNERSHIP II** | ) | |
| **d/b/a INDIANAPOLIS BAKERY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

1593636

## FINAL JURY INSTRUCTION NO. 1

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should not be influenced by any person's race, color, religion, national origin, age, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

1593636

**FINAL JURY INSTRUCTION NO. 2**

In this case, Kroger is a corporation.  All parties are equal before the law.  A corporation is entitled to the same fair consideration that you would give any individual person.

## FINAL JURY INSTRUCTION NO. 3

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.  A stipulation is an agreement between both sides that certain facts are true.

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**FINAL JURY INSTRUCTION NO. 4**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**FINAL JURY INSTRUCTION NO. 5**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

## FINAL JURY INSTRUCTION NO. 6

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## FINAL JURY INSTRUCTION NO. 7

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**FINAL JURY INSTRUCTION NO. 8**


You have heard evidence that Mr. White has been convicted of a crime.  You may consider this evidence only in deciding whether Mr. White's testimony is truthful in whole, in part, or not at all.  You may not consider this evidence for any other purpose.

**FINAL JURY INSTRUCTION NO. 9**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**FINAL JURY INSTRUCTION NO. 10**


      The parties have stipulated, or agreed, to the facts conained in Exhibit 312.  You must now treat these facts as having been proved for the purpose of this case.

**FINAL JURY INSTRUCTION NO. 11**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

**FINAL JURY INSTRUCTION NO. 12**


Title VII of the Civil Rights Act of 1964, as amended, provides in relevant part:  "It shall be an unlawful employment practice for an employer … to discharge any individual … because of such individual's race …"

Mr. White brings a claim against Kroger under Title VII of the Civil Rights Act for race discrimination, that Kroger terminated his employment because of his race.  I will address this claim in the following instructions.

**FINAL JURY INSTRUCTION NO. 13**


Mr. White claims that Kroger terminated his employment because of his race in violation of Title VII.  To succeed on his claim, Mr. White must prove by a preponderance of the evidence that Kroger terminated his employment because he is African-American.

To determine that Kroger terminated Mr. White's employment because of his race, you must decide that Kroger would not have issued Mr. White the same successive discipline which led to the termination of his employment had he not been African-American, but everything else had been the same.

If you find that Mr. White has proved this by a preponderance of the evidence, then you must find for Mr. White.  However, if you find that Mr. White did not prove this by a preponderance of the evidence, then you must find for Kroger.

**FINAL JURY INSTRUCTION NO. 14**

Mr. White introduced Constructive Advice Records Kroger issued to Caucasian individuals who worked at the Bakery.  Mr. White introduced this evidence to show that Kroger allegedly treated Caucasian employees more favorably than him with respect to discipline.  You must decide whether these individuals are "directly comparable" to Mr. White before you can make a determination that Kroger treated them more favorably.

To determine if an employee is directly comparable in all material respects, you must look at all relevant factors, the number of which depends on the context of the case.  For instance, such factors include whether the employees dealt with the same supervisor and were subject to the same standards.

## FINAL JURY INSTRUCTION NO. 15

In deciding Mr. White's claim, you should not concern yourselves with whether Kroger's actions were wise, reasonable, or fair. Rather, your concern is only whether Mr. White has proved that Kroger terminated his employment because of his race.

**FINAL JURY INSTRUCTION NO. 16**

You heard the following stipulations of fact regarding a previous labor arbitration between the Plaintiff and Defendant:

1.     Following White's termination of employment, the Union grieved the termination.

2.     An arbitration hearing was held on the grievance; sworn testimony was taken.

3.     The arbitrator ordered Kroger to reinstate White, which it did, but without any backpay.

4.     White returned to work on or around August 24, 2009, pursuant to the arbitrator's decision.

You are not to consider the arbitrator's decision to award Mr. White reinstatement as a determination that Kroger engaged in race discrimination.  They have only been admitted for the limited purpose of background.

**FINAL JURY INSTRUCTION NO. 17**

If you find that Plaintiff has proved his claim against Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.  Plaintiff must prove his damages by a preponderance of the evidence.


If you find that Plaintiff has failed to prove his claim, then you will not consider the question of damages.

## FINAL JURY INSTRUCTION NO. 18

If you find by a preponderance of the evidence that Kroger intentionally discriminated against Mr. White, then you must consider the issue of compensatory damages.

You may award compensatory damages only for injuries that Mr. White has proved by a preponderance of the evidence were caused by Kroger's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspect of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The Court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

- The physical, mental, emotional pain and suffering and loss of a normal life that Mr. White has experienced, and is reasonably certain to experience in the future. No evidence of the dollar value of physical, mental, emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Mr. White for the injury he has sustained.

## FINAL JURY INSTRUCTION NO. 19

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant.  The purposed of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant.  You may assess punitive damages only if you find that their conduct was in reckless disregard of Plaintiff's rights.  An action is in reckless disregard of Plaintiff's rights if taken with knowledge that it may violate the law.

Plaintiff must prove by a preponderance of the evidence that Defendant's managerial employees acted within the scope of their employment and in reckless disregard of Plaintiff's right not to be discriminated against.  In determining whether Defendant's managerial employees acted within their scope of authority, you should consider the kind of authority Defendant gave him, the amount of discretion they had in carrying out their job duties and the manner in which they were carried out.  You should not, however, award Plaintiff punitive damages if Defendant proves that they made a good faith effort to implement an antidiscrimination policy.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages.  Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party.  In determining the amount of any punitive damages, you should consider the following factors:

- The reprehensibility of Defendant's conduct;

- The impact of Defendant's conduct on Plaintiff;

- The relationship between Plaintiff and Defendant;

- The likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- Defendant's financial condition;

- The relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

**FINAL JURY INSTRUCTION NO. 20**


Upon retiring to the jury room, you must select a presiding juror.  The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. **[Forms of verdict read.]**

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

## FINAL JURY INSTRUCTION NO. 21

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the bailiff, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

## FINAL JURY INSTRUCTION NO. 22

The verdict must represent the considered judgment of each juror.  Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

1593636